CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 15, 2025
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00721 |
| Director John Reed, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. The complaint alleges that 26 defendants violated a variety of laws and constitutional rights. The claims arise from events that allegedly occurred over approximately two years at various facilities and involve various departments. (Compl. (Dkt 1).) Most of the claims have no commonality with the other claims. Hinchee also submitted 188 pages of additional materials along with his complaint, consisting of his journal, correspondence, and documents related to administrative exhaustion of his grievances. The court will sever Hinchee's claims into several lawsuits for the reasons explained below.

**I.     Standards for Joinder and Severance**

A plaintiff may join defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2)(A), (B). "Under Rule 20, reasonably related claims may be tried together." *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (cleaned up). However, "Rule 20 does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." *Id.* (cleaned up). "[W]here claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper." *Moore v. Squire*, No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Additionally, the court concludes that allowing all of Hinchee's claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Hinchee to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, which violates the aims of the Prison Litigation Reform Act ("PLRA"). "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022). Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits . . . , but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Although "[m]isjoinder of parties is not a ground for dismissing an action," a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, district courts have "virtually

unfettered discretion in determining whether or not severance is appropriate." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005). Complaints that contain a hodgepodge of allegations against multiple defendants "should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Owens*, 635 F.3d at 952 (cleaned up).

Here, the complaint alleges different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Hinchee to prosecute all of his claims in a single case. *See Moore*, 2023 WL 5095696, at *1; *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the potential prejudice to any party).

## II. Hinchee's Claims Will Be Severed

Based upon a review of the complaint, the court concludes that Hinchee's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. Accordingly, the court will exercise its discretion to sever Hinchee's claims into separate lawsuits, attempting to group together like claims and/or claims against the same defendants in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this Order, Hinchee's complaint (Dkt. 1) shall be filed as the opening document in each of the new lawsuits. Hinchee is advised that the court does not need evidence or supporting documentation when a claim is initiated, and so the court will not order the duplication in each new case of the 188 page of exhibits submitted with Hinchee's original

complaint. If Hinchee wishes to base his claims in any action upon any content in or facts contained in the 188 pages of exhibits, he is advised that he must specify the content or facts in an amended complaint.

The new lawsuits directed in this order will be conditionally filed, and Hinchee will be required to return a consent to fee form in each of the new cases, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new cases as it was for this case: $46.32. In the alternative to submitting the consent to collection of fees form and authorizing the initial partial payment of the filing fees, Hinchee may elect not to proceed with any of the cases by moving to voluntarily dismiss any such case. Additionally, if Hinchee fails to return the consent to fee form in a new case, the new case will be dismissed without prejudice. The fact that the court is allowing the filing of Hinchee's claims as separate actions is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. The court may file subsequent orders related to deficiencies in any of Hinchee's cases.

### III. Directions Regarding Severance

It is hereby **ORDERED** that this case is **SEVERED** into a total of eleven cases (this case and ten new cases). The Clerk is **DIRECTED** to open ten new cases and to conditionally file a copy of the original complaint (Dkt. 1) in the new cases, along with a copy of this Order, with each case as described below. In each new civil action, the Clerk is further **DIRECTED** to include in the first docket entry the paragraph numbers of the original complaint that will constitute the subject matter of that particular case.

The Clerk is further **DIRECTED** to docket Hinchee's Statement of Assets and Prisoner Trust Account Report (Dkt. 4) in each of the new cases and to issue conditional filing orders requiring Hinchee to consent to the collection of an initial partial payment of $46.32 and, over time as funds are available, the remainder of the applicable filing fees for that case. Lastly, the Clerk also shall send Hinchee a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The court has identified the separate claims and the defendants for each claim as follows:

1. This original case shall involve the allegations beginning on page 6 of the complaint through page 8 of the complaint, paragraphs 1–18. The claims in this case relate to the management of and terms of Hinchee's probation prior to his current incarceration. Hinchee has named one defendant (Director John Reed) and two Jane Doe defendants (Jane Doe Nos. 1 and 2) in connection with his probation-based claims. Hinchee is advised that it is his responsibility to identify all Doe defendants named in any action and that he should name them as soon as possible. If he fails to do so, claims against Doe defendants may be dismissed. Any statute of limitations will continue to run against any unnamed Doe defendants.

2. New action number one shall involve the allegations in the complaint at pages 8–9, paragraphs 19–24. The claims involve conditions of confinement at Roanoke City Jail. Plaintiff named one defendant in connection with his claims, Sheriff Antonio D. Hash, as well as a John Doe defendant (John Doe No. 1) and an additional Jane Doe defendant (Admitting Nurse Jane Doe No. 3).

3. New action number two shall involve the allegations in the complaint at pages 9–10, paragraphs 25–29. The claims relate to allegations that Nottoway Correctional Center officials failed to protect Hinchee. Defendants to these claims as named by Hinchee are: Sgt. Kevin Williams, S.D. McCargo, Sgt. Sally Wells, Lt. Claiborne, Lt. Summerville, John Doe No. 2, Major Maurice, and Warden John Davies:

4. New action number three relates to a discrete incident involving the alleged denial of bathroom access as set forth on page 10 in paragraph 30. The defendants are S.D. McCargo, Kevin Wells (possibly a misnomer for Kevin Williams), and Sally Wells.

5. New action number four relates to claims about Hinchee's property at Coffeewood Correctional Center as related on page 11, paragraphs 31–35. Defendants as designated by Hinchee are Sgt. Hooks, Katie Souter, Warden Melvin C. Davis, and Lt. T. Butler.

6. New action number five relates to Hinchee's claim about whistle usage at Coffeewood Correctional Center as alleged on page 12, paragraph 36. Hinchee did not name a particular defendant as responsible for this claim.

7. New action number six relates to medical claims as described on page 12, paragraph 37. Defendants are Dr. J. Forest-Lam and Long.

8. New action number seven relates to an alleged shakedown and an apple-throwing incident on page 12, paragraphs 38 and 39. Named defendants are Sgt. Littleton, Lt. Bright, and Sgt. Nelson.

9. New action number eight relates to an asserted Americans with Disabilities Act claim against defendant S. Ruiz as related in pages 12–13, paragraph 40.

10. New action number nine relates to claims about food at Coffeewood Correctional Center as related on page 13, paragraphs 41–45. The defendant is designated as a single John/Jane Doe defendant captioned as "Unknown Kitchen Manager."

11. New action number ten asserts claims against Virginia Department of Corrections Director Chadwick S. Dotson as related in paragraphs 46 and 47 of the complaint at pages 13–14.

Again, if Hinchee does not want to pursue any of these cases, he may file a motion to voluntarily dismiss the action without prejudice. Hinchee should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim upon which relief could be granted, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. Section 1915(g). If Hinchee accumulates three "strikes" under the statute, his ability to file future lawsuits will be limited.

The Clerk is **DIRECTED** to provide a copy of this Order to Hinchee along with the docket sheet for each case.

It is so **ORDERED**.

**ENTERED** this 14th day of January 2025.

/s/ *Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE