IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

Lawrence Edward Hinchee, Jr., )
)
        Plaintiff, )
)
v. )   Civil Action No. 7:24-cv-000721
)
Director John Reed *et al.*, )
)
        Defendants. )

### **MEMORANDUM OPINION AND ORDER**

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming constitutional violations pursuant to 42 U.S.C. § 1983 and other state-law claims. The claims asserted in this suit were initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. On January 15, 2025, this court severed ten cases from this action, leaving only Hinchee's pre-incarceration claims about probation in this action. (Dkt. 10.) This lawsuit now involves only the allegations in Paragraphs 1–18 of Hinchee's initial complaint at pages 6–8. (*Id.* at 5.)

### I.    Factual and Procedural History

Hinchee identified one named Defendant (Director John Reed), and two unnamed Jane Doe Defendants in connection with the claims at issue in this case. (Compl. at 6 (Dkt. 1).) The court ordered Hinchee to provide identifying information for the Jane Doe Defendants by order dated June 24, 2025, and advised Hinchee that the court would dismiss

-1-

unidentified Defendants from this action without prejudice if he failed to respond. (Dkt. 35.) Hinchee has not provided any information to date, so the court will dismiss the Jane Doe Defendants from this action.

Defendant Reed appeared and filed a motion to dismiss and a memorandum in support thereof. (Dkts. 20, 28, 29.) The court issued a *Roseboro* notice (Dkt. 30), but Hinchee did not file an opposition to the motion to dismiss. The court then sent a revised *Roseboro* notice (Dkt. 33) and granted Hinchee additional time to file a response opposing the motion to dismiss. (Dkt. 32.) Hinchee requested a further extension of time (Dkt. 40), which the court granted (Dkt. 41), but Hinchee still has not filed any response to date.

The court accepts as true all the facts asserted by Hinchee in the complaint to resolve the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). According to the complaint, "[o]n January 3, 2022, in Arapahoe County Court, Colorado, [Hinchee] accepted a plea deal for sexual exploitation of a child/distribution/publication/sell and was sentenced to fifteen years' probation. The court allowed [Hinchee] to serve [his] probation in Virginia." (Dkt. 1 at 6.) Hinchee relates his difficulties with obtaining approval for his transfer to Virginia, interacting with probation officers in Virginia, and being subject to probation terms that he contends were unfair and unconstitutional.

Hinchee alleges the following claims arising from the facts alleged in the complaint:

1. Hinchee's first application for interstate compact was denied, which constituted intentional infliction of emotional distress. (Dkt. 1 at 6 ¶ 1.)

2. A heated meeting with probation and a search of his apartment caused him to miss

a mental health appointment, which constituted intentional infliction of emotional distress. (*Id.* at 7 ¶ 9.)

3. Questions about children's toys and pictures of children which Hinchee possessed caused him intentional infliction of emotional distress. (*Id.* ¶ 11.)

4. Not permitting Hinchee to use social media violated his "fourteenth amendment rights to life, liberty, and property." (*Id.* ¶ 12.)

5. Not permitting Hinchee to use social media violated his "first amendment rights as an author, journalist and photographer and free speech." (*Id.*)

6. Not permitting Hinchee to use Instacart to purchase groceries violated Hinchee's "fourteenth amendment rights to life, liberty, and property" because he had no transportation and could not use Uber according to the terms and conditions of his probation. (*Id.* ¶ 13.)

7. Not being allowed to work at A and A Cash Mart and a change in his curfew time "violated [Hinchee's] fourteenth amendment rights to life, liberty, and property." (*Id.* ¶ 14.)

8. Not being allowed to work at A and A Cash Mart and a change in his curfew time "violated" Hinchee's "eighth amendment rights against cruel and unusual punishment." (*Id.*)

9. Hinchee was barred from attending the Pride Parade or unspecified "events downtown," which violated his civil rights under the First Amendment right to assembly. (*Id.* at 8 ¶ 15.)

10. Hinchee was barred from attending church which violated his "first amendment rights to freedom of religion." (*Id.* ¶ 16.)

11. Requiring Hinchee to attend a meeting last minute and police cars patrolling near Hinchee's apartment amounted to intentional infliction of emotional distress. (*Id.* ¶ 18.)

In summary, Hinchee alleges that the terms of his probation violated various constitutional provisions and constituted intentional infliction of emotional distress.

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct . . . ." *Iqbal*, 556 U.S. at 679.  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.     Analysis

Here, even when Hinchee's allegations in the complaint are accepted as true as required, the allegations fail to establish a plausible claim of entitlement to relief.

Hinchee's challenges to the terms of his probation pursuant to § 1983 fail because such claims are required to be asserted in a petition for a writ of habeas corpus rather than in an action pursuant to § 1983.  Hinchee claims he is entitled to monetary damages because the probation terms violated the constitution.  He specifically challenges the terms of his probation regulating his internet usage and his potential contact with children.  These terms were explicit conditions of his sentencing by the Colorado court.  (Dkt. 29-1 at 5–7 ¶¶ 9, 11, 23, 29; *id.* at 10 ¶ 1 of Intensive Program section; *id.* at 11 ¶ 8.)[1]  Hinchee cannot collaterally attack these terms in a § 1983 action because of the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87.  Because of this, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at

---

[1] Hinchee references the terms and conditions of his probation in the complaint and states that they are attached to the complaint. (Dkt. 1 at 7-8 ¶¶ 13, 16.)  However, documents showing the terms and conditions were not contained in the 188 pages of attachments to the complaint.  Defendant included Hinchee's sentencing documents as an exhibit to the memorandum in support of the motion to dismiss.  (Dkt. 29-1.)  These public records may be considered by the court on a motion to dismiss.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (finding that, when resolving a motion to dismiss, the court "may properly take judicial notice of matters of public record" as well as consider documents attached to the complaint and/or documents that are integral to the claims and authentic).

487. Hinchee has not established that he has challenged these terms in any manner prior to filing this action or disputed the applicability of *Heck* to his claims. Accordingly, Hinchee cannot assert these claims about his probation as an action pursuant to 42 U.S.C. § 1983.

This court and other courts have dismissed similar claims about probation on this reasoning. *E.g., Dennis v. Wilmouth*, No. 6:23-cv-00051, 2024 WL 3864686, at *1 (W.D. Va. Aug. 19, 2024) (rejecting § 1983 suit challenging terms of probation regulating internet usage and church attendance); *Firewalker-Fields v. Albertson*, No. 7:19-cv-00741, 2020 WL 2946071, at *2 (W.D. Va. June 3, 2020) (same); *Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) (holding that a challenge to the terms of probation must be brought by means of a petition for habeas corpus); *Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011) ("A person convicted of a crime may not use § 1983 to attack the fact of his confinement or the conditions of his parole."); *Saunders v. Jones*, No. 3:12cv192, 2014 WL 2155342, at *3 (E.D. Va. May 22, 2014) ("[Plaintiff's] challenge to the terms and conditions of his probation is an attack on the sentence imposed by the Circuit Court and . . . necessarily implies the invalidity of his sentence"; thus, it was barred by *Heck*). Simply stated, this court cannot review the constitutionality of Plaintiff's conditions of probation in a § 1983 action without Hinchee having previously challenged these conditions and prevailed.[2] This ruling resolves claims 4-5 and 7-10.

Additionally, claims 7 and 8 are time-barred as is evident from the face of the complaint. Hinchee does specify the relevant dates in connection with his claims about his

---

[2] Hinchee states that he has filed no previous lawsuits. (Compl. at 4.)

employment restriction and curfew. The relevant events occurred in August 2022. (Compl. at 7 ¶ 14.) Hinchee's complaint was not signed until September 10, 2024, (*id.* at 15), and it was not mailed to the court until October 17, 2024. (*Id.* at 16.) Accordingly, the claims accrued more than two years prior to the date of inmate mailing, and thus they are time-barred. *See Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 735 (4th Cir. 1991).

In the absence of a viable federal claim, the court declines to exercise supplemental jurisdiction over the asserted state-law claims of intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367(c)(3). This determination resolves claims 1-3 and 11.

### IV.    Conclusion

For the reasons discussed above, Hinchee's complaint fails to state a plausible claim upon which relief could be granted. Accordingly, the court **GRANTS** Defendant's motion to dismiss (Dkt. 28) and **DISMISSES** this action. The two Jane Doe Defendants are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close the case.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 27th day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE